# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-568-H

VIVIAN JANET BOWMAN                                                        PLAINTIFF

v.

MR. ECKELS *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Vivian Janet Bowman filed the above-styled action. She sues Mr. Eckles, Mr. Sheldon Berman. Ms. Dianna Decker and Ms. Patti Cosby. Along with her complaint, Bowman also filed a motion to proceed *in forma pauperis*. Upon review, Bowman's motion (DN 3) is **GRANTED**.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen Bowman's complaint before service on Defendants. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss an action that it finds to be frivolous or malicious or that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons set forth below, on initial review, the Court will dismiss Bowman's complaint for failure to state a claim.

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however,

---

[1]This section provides:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Additionally, "[t]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)).

Bowman handwrote her complaint on a court-supplied general complaint form. In the section of the complaint asking for the grounds for filing this case, Bowman writes "racial and gender hate by all defendants to prevent me from going to school." In the statement of claim section of the complaint, Bowman describes her complaint against Defendants as follows:

> Recently all defendants led me to believe that I would have employment as a teacher or substitute teacher in the Jefferson County Public Schools. They emailed me in May 2010 with test and I was told that teachers who do well receive jobs. I scored 114-116–top 15%. Now all defendants show racial and/or gender hate towards me to prevent me from employment and going to school. Defendants retaliation is unlawful. Defendants hatred of values to degrade to insult achievement and to punish for being the best not the worst, All defendants are misplaced they should not be working in the school district. Federal judges you must act to get rid of all defendants they are not worthy, not trustful people to be in school.

Bowman attached a seven-page handwritten letter to her complaint. The letter describes her claim in more detail.

Under Title VII of the Civil Rights Act a plaintiff must exhaust her administrative remedies before the Equal Employment Opportunity Commission (EEOC) before filing suit in federal court. *See Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992) (citing *Brown v. General Serve. Admin.*, 425 U.S. 820, 832 (1976)). When a charge of discrimination is filed, the EEOC must investigate the complaint in order to determine whether there is "reasonable cause to

believe that the charge is true." 42 U.S.C. § 2000e-5(b). If the EEOC determines that the complaint has a reasonable basis, it will issue a right-to-sue letter to the plaintiff. 29 C.F.R. § 1601.28(b). If the EEOC does not issue a right-to-sue letter within 180 days after the charge of discrimination is filed, the plaintiff may request such a letter. 29 C.F.R. § 1601.28(a). A person must possess a right-to-sue letter from the EEOC in order to file suit under Title VII. A right-to-sue letter, while not a jurisdictional requirement, is a condition precedent to maintaining an employment-discrimination claim under Title VII. *See Rivers v. Baberton Board of Education*, 143 F.3d 1029, 1032 (6th Cir. 1998).

A plaintiff's failure to satisfy the condition precedent of exhausting administrative remedies can result in dismissal of the action without prejudice. *See Jones v. Smith-McKinney Co.*, No. 04-CV-80-JMH, 2004 U.S. Dist. LEXIS 29761 (E.D. Ky. Nov. 18, 2004). Plaintiff does not indicate that she obtained a right-to-sue letter from the EEOC or provide documentary evidence of such a letter. As such, this action will be dismissed without prejudice for failure to exhaust administrative remedies.

Date:

cc: Plaintiff, *pro se*

4411.008